## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 16 B 05164 |
| Dalia Radecki, | ) |
| | ) |
| | ) Chapter 13 |
| Debtors. | ) |
| | ) |
| | ) Honorable Judge Jacqueline P. Cox |
| | ) |

### NOTICE OF MOTION

TO:   See attached Service List

PLEASE TAKE NOTICE that on March 28 2016 at 9:00 a.m., the undersigned will appear before the Honorable Judge Jacqueline P. Cox at the Dirksen Federal Building, 219 S. Dearborn, Room 680, Chicago, Illinois, 60604 and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 506(a), 1322(b)(2) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3012 TO DETERMINE THE VALUE OF 6837 S. KOMENSKY AVENUE, CHICAGO, ILLINOIS 60629**, at which time you may appear if you so choose.

### Certificate of Service

I, Paul Bach, hereby certify that I caused a copy of this notice to be served by the method stated on the attached service list upon the above parties on March 21, 2016 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   /S/ PAUL M. BACH

SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6209530

## SERVICE LIST

| | |
|---|---|
| **Tom Vaughn, Chapter 13 Trustee**<br>55 E. Monroe Street, Suite 3850<br>Chicago, IL 60603 | **VIA ECF ELECTRONIC DELIVERY** |
| **Dalia Radecki**<br>1623 W. 16th Street<br>Chicago, IL 60608 | **VIA FIRST CLASS US MAIL** |
| **William T Neary**<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn Room 873<br>Chicago, IL 60606 | **VIA ECF ELECTRONIC DELIVERY** |
| **THE ESTATE OF MICHAEL J. CERKANOWICZ, DECEASED (07 P 6835)**<br>C/O Zane D Smith<br>415 N. LaSalle Street<br>Suite 300<br>Chicago, IL 60610 | **VIA FIRST CLASS US MAIL** |
| **EMC Mortgage LLC**<br>C/O C T Corporation System<br>208 S. LaSalle Street Suite 814<br>Chicago, Illinois 60604 | **VIA FIRST CLASS US MAIL** |
| **EMC Mortgage LLC**<br>2780 Lake Vista Drive<br>Lewisville, TX 75067 | **VIA FIRST CLASS US MAIL** |
| **James Dimon, President & CEO**<br>JPMorgan Chase Bank, N.A.<br>270 Park Avenue<br>New York, NY 10017 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **JPMorgan Chase & Co**<br>C/O C T Corporation System<br>208 S. LaSalle Street Suite 814<br>Chicago, Illinois 60604 | **VIA FIRST CLASS US MAIL** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 16 B 05164 |
| Dalia Radecki, ) | |
| ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |
| ) | Honorable Judge Jacqueline P. Cox |
| ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 506(a), 1322(b)(2) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3012 TO DETERMINE THE VALUE OF 6837 S. KOMENSKY AVENUE, CHICAGO, ILLINOIS 60629**

**NOW COMES**, Dalia Radecki ("Debtor"), by and through her attorneys, Sulaiman Law Group, LTD., and pursuant to 11 U.S.C §§506(a), 1322(b)(2) and Federal Rule of Bankruptcy Procedure 3012, move this Honorable Court to determine the fair market value of the real estate commonly known as 6837 S. Komensky, Chicago, Illinois 60629, and in support thereof stating the following:

1. This is a motion brought by the Debtor pursuant to 11 U.S.C. §§ 506(a), 1322(b)(2) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as6837 S. Komensky, Chicago, Illinois 60629.

2. The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. The Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on February 17, 2016.

5. The Debtor is the owner of real estate commonly known as 6837 S. Komensky, Chicago, Illinois 60629 ("real estate").

6. At the time of the filing of the instant Chapter 13 proceeding, the fair market of the real estate was $205,000.00. *See* attached Exhibit A is a true and accurate copy of a valuation of the real estate done by Jonathan E. Gutstein, Illinois Certified Residential Appraiser.

7. Bank of NY Mellon/Caliber Home Loans holds a first mortgage lien in the approximate amount of $281,556.58 as to the real estate.

8. EMC Mortgage/JPMorgan Chase Bank, N.A. holds a second mortgage lien in the approximate amount of $13,477.00 as to the real estate.

9. Upon information and belief, Bank of NY Mellon/Caliber Home Loans and EMC Mortgage/JPMorgan Chase Bank, N.A. are the only consensual liens encumbering the real estate.

10. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have a secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

11. Moreover, a junior lien holder would only have a secured claim to the extent the fair market value of the secured asset exceeds the amount of the lien held by the primary lien holder.

12. Where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000).

13. Given the fact that the Bank of NY Mellon/Caliber Home Loans first mortgage's secured claim exceeds the value of the real estate, the EMC Mortgage LLC/JP Morgan Chase Bank, N.A./JPMorgan Chase & Co Second Mortgage does not have secured claim pursuant to 11 U.S.C. §506(a) and thus their rights may be modified notwithstanding its recorded lien on the Debtor's primary residence. *See* 11 U.S.C. 1322(b)(2).

14. EMC Mortgage LLC/JP Morgan Chase Bank, N.A./JPMorgan Chase & Co's claim should be classified as a general non-priority unsecured claim in the underlying Chapter 13.

15. Furthermore, EMC Mortgage LLC/JP Morgan Chase Bank, N.A./JPMorgan Chase & Co Second Mortgage shall release their lien upon discharge of the Debtor's Chapter 13 case.

**WHEREFORE**, the Debtor, Dalia Radecki, pray this Honorable Court enter an Order as follows:

1. Determining that the Fair Market Value of the Real Estate commonly known as is $325,000.00;

2. Determining the EMC Mortgage LLC/JP Morgan Chase Bank, N.A./JPMorgan Chase & Co.'s junior lien in the approximate amount of $33,403.00 has no collateral value;

3. Determining that an unsecured claim (if allowed) shall be paid in the underlying Chapter 13 proceeding pro rata based on the Chapter 13 Plan;

4. Determining that EMC Mortgage LLC/JP Morgan Chase Bank, N.A./JPMorgan Chase & Co 's second mortgage lien should be deemed satisfied upon discharge of the instant Chapter 13 case; and

5. For any other and further relief as the Court may seem just and proper.

Dated: March 21, 2016 Respectfully Submitted,
/s/ Paul M. Bach
Paul M. Bach, Esq. #6209530
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181