Model Plan
11/22/2013

Trustee: ☐ Marshall    ☐ Meyer
☐ Stearns    ■ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 16-05164** |
| | ) | |
| **Dalia Radecki** | ) | |
| | ) | |
| **Debtors.** | ) | **Modified Chapter 13 Plan, dated 4/6/16** |

■    **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
***Budget items***

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is  1 ; (b) their ages are ___; (c) total household monthly income is $ 7,019.48 ; and (d) total monthly household expenses are $  2,835.31  , leaving $  4,184.17  available monthly for plan payments.

2. The debtor's Schedule J includes $  N/A  for charitable contributions; the debtor represents that the debtor made substantially similar contributions for   N/A   months prior to filing this case.

**Section B.**
***General items***

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected.  Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

**Section C.**
***Direct payment of claims by debtor***

☐   The debtor will make no direct payments to creditors holding prepetition claims. */or/*
■   The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Consumer Portfolio Svc__ , monthly payment, $ __352.00__

**Section D.**
***Payments by debtor to the trustee; plan term and completion***

1. *Initial plan term.* The debtor will pay to the trustee $ __4,000.00__ monthly for __1__ months [and **$4,184.17 per month for 59 months**], for total payments, during the initial plan term, of $ __250,866.03__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
***Disburse-ments by the trustee***

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __12,543.39__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor __Bank of NY Mellon/Caliber Home Loans__ , monthly payments of $ __1,072.66__ . These payments, over the term of the plan, are estimated to total $**64,359.60**.
(b) To creditor __Wells Fargo Bank, N.A.__ , monthly payments of $ __1,326.00__ . These payments, over the term of the plan, are estimated to total $**79,560.00**.

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __143,919.60__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified

**2**

below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Estate of Michael J. Cerkanowicz**    Collateral:**real estate-Amount stated is the Judgment Amount.  Additional amounts may be claimed by this creditor. Amount paid through Plan will be the lien amount as determined by the Court.**

Amount of secured claim: $ **31,913.00** APR **4** %    Fixed monthly payment:$ **587.73** ;
Total estimated payments, including interest, on the claim: $**35,263.57**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be
$ **35,263.57** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **5,000.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **Bank of NY Mellon/Caliber Home Loans** , arrears of $ **20,000.00** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ **20,000.00** .

(b) To creditor **Wells Fargo Bank, N.A.** , arrears of $ **7,832.78** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ **7,832.78** .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all

**3**

payments to this special class is estimated to be $____N/A____. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____.

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __10_% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
***Priority***

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
***Special terms***

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**4**

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 250,866.03

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---:|
| (a) Trustee's fees | $ | 12,543.39 |
| (b) Current mortgage payments | $ | 143,919.60 |
| (c) Payments of other allowed secured claims | $ | 35,263.57 |
| (d) Priority payments to debtor's attorney | $ | 5,000.00 |
| (e) Payments of mortgage arrears | $ | 27,832.78 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total *[add Lines 2a through 2g]* | $ | 224,559.34 |

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ 26,306.69

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---:|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 197,388.00 |
| (b) Minimum GUC payment percentage | | 10 % |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ | 19,738.80 |
| (d) Estimated interest payments on unsecured claims | $ | 0.00 |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ | 19,738.80 |
| (f) Payments available during initial term *[enter Line 3]* | $ | 26,306.69 |
| (g) Additional payments required *[subtract Line 4f from Line 4e]* | $ | -6,567.89 |

(5) Additional payments available:

| | | |
|---|---|---:|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**Section I.**
*Payroll Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**    **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Paul Bach    **Date** April 6, 2016

**5**

| *Attorney Information (name, address, telephone, etc.)* | Paul Bach<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard<br>Suite 150<br>Oak Brook, IL 60523<br>630-575-8181<br>Fax: 630-575-8188 |

## Special Terms *[as provided in Paragraph G]*

1. The value of EMC Mortgage LLC/JPMorgan Chase Bank's secured claim on the Debtor's real property at 6837 S. Komensky, Chicago, Illinois 60629 is valued at zero. Consequently, EMC Mortgage LLC/JPMorgan Chase Bank's second mortgage lien shall be stripped and avoided from the aforementioned property upon completion of plan payments as provided for in the Debtor's Chapter 13 Plan. EMC Mortgage LLC/JPMorgan Chase Bank shall release its lien on the aforementioned property within 30 days of completion of plan payments as provided in the Debtor's Chapter 13 Plan.

2. The value of Estate of Michael J. Cerkanowicz's secured claim on the Debtor's real property at 1623 W. 16th St, Chicago Illinois and 6837 S. Komensky, Chicago, Illinois 60629 is valued at $31,913.00. Consequently, Estate of Michael J. Cerkanowicz's judicial lien shall be stripped and avoided from the aforementioned property upon completion of plan payments as provided for in the Debtor's Chapter 13 Plan. Estate of Michael J. Cerkanowicz shall release its lien on the aforementioned property within 30 days of completion of plan payments as provided in the Debtor's Chapter 13 Plan.

3. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

4.Debtor(s) shall submit a copy of their tax return to the Trustee each year by April 30th. The debtor(s) shall tender to the trustee the amount of any tax refund in excess of $1200 each year within 7 days of receipt the tax refund. Refunds must be received by the trustee by June 15th of each year.

5. Debtor shall make direct payments to Consumer Portfolio Services for the 2012 NIssan Altima 85,0000 miles. Consumer Portfolio Services is authorized to send monthly statements directly to the Debtor.

**6**

Software Copyright (c) 1996-2016  Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 16-05164-JPC
Dalia Radecki                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: mgonzalez          Page 1 of 3          Date Rcvd: Apr 07, 2016
                             Form ID: pdf003           Total Noticed: 70

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 09, 2016.
```
db            +Dalia Radecki,    1623 W. 16th St,    Chicago, IL 60608-2039
24220190      +ACS- Education,    PO Box 7051,    Pittsburgh, PA 15212-0051
24220189      +Aargon Agency,    8668 Spring Mountain Rd,    Las Vegas, NV 89117-4132
24220192      +Bank od America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
24325819      +Bank of NY,    Mellon/Caliber Home Loans,    PO Box 650856,    Dallas, TX 75265-0856
24325822      +Bank of New York Mellon,    5503 N. Cumberland Avenue,    Chicago, IL 60656-1471
24220208      +CRME Financial Service,    3075 E. Imperial Hwy #200,    Brea, CA 92821-6753
24220193      +Caine & Weiner,    Po Box 5010,    Woodland Hills, CA 91365-5010
24325823      +Caliber Home Loans,    PO Box 24330,    Oklahoma City, OK 73124-0330
24220194      +Caliber Home Loans,    PO Box 650856,    Dallas, TX 75265-0856
24325824      +Caliber Home Loans, Inc.,    C/O RA CT Corporation System,    208 S. LaSalle Street Suite 814,
               Chicago, IL 60604-1101
24220195       California 63rd Currency Exchange,    2790 W. 63 rd,    Chicago, IL 60629
24220196      +Chase,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
24325833      +Chase,    3415 Vision Drive,    Columbus, OH 43219-6009
24220197      +Chicago City Clerk,    121 N. LaSalle Street,    Room 107,    Chicago, IL 60602-1232
24220198      +Cit Fin Serv,    Attn: Bankruptcy,    Po Box 140489,    Irving, TX 75014-0489
24393786      +City Of Chicago Department of Finance,    c/o Arnold Scott Harris P.C.,
               111 W Jackson Blvd Ste 600,    Chicago, IL 60604-3517
24220200      +City of Chicago,    1615 W. Chicago Ave,    Chicago, IL 60622-5127
24220202      +City of Chicago Corporation, Counsel,    121 N. LaSalle St, Suite 600,    Chicago, IL 60602-1258
24325838      +City of Chicago Department of Finance,    333 South State Street,    Chicago, IL 60604-3972
24220203      +City of Chicago- Parking Department,    121 N. LaSalle,    Chicago, IL 60602-1232
24394935      +City of Hometown,    Municipal Collections of America Inc,    3348 Ridge Road,
               Lansing, IL 60438-3112
24220204      +City of Homewood,    PO Box 7643,    Carol Stream, IL 60197-7643
24220205      +Comcast,    2001 York Road,    Oak Brook, IL 60523-1973
24220206     +++Consumer Portfolio Services Inc,    PO Box 57071,    Irvine, CA 92619-7071
24220207      +Convergent Outsoucing, Inc,    Po Box 9004,    Renton, WA 98057-9004
24325825      +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
24325826      +Cook County State's Attorney,    69 W. Washington, Suite 3200,    Chicago, IL 60602-3174
24325827      +EMC Mortgage LLC,    C/O CT Corporation System,    208 S. LaSalle Street Suite 814,
               Chicago, IL 60604-1101
24220211      +EMC Mortgage/Chase,    3415 Vision Drive,    Mail Code OH4-7126,    Columbus, OH 43219-6009
24220213      +Estate of Michael J. Cerkanowicz,    Zane D, Smith and Associates. LTD,
               415 N. LaSalle Street, Suite 501,    Chicago, IL 60654-9331
24325855      +Estate of Michael J. Cerkanowicz, deceased,    c/o Zane D. Smith & Associates, Ltd.,
               415 N. Lasalle - Suite 501,    Chicago, Illinois 60654-9331
24220214      +Foot and Ankle Associates, LTD,    4650 Southwest Highway,    Oak Lawn, IL 60453-1836
24220215      +Harris & Harris,    111 W Jackson Blvd,    Suite 400,    Chicago, IL 60604-4135
24220216      +ICC System Collection,    PO Box 64378,    Saint Paul, MN 55164-0378
24325830      +JPMorgan Chase,    270 Park Avenue,    New York, NY 10017-2014
24325828      +JPMorgan Chase,    1111 Polaris Parkway,    Columbus, OH 43240-2050
24325836       LCMH,    2800 W. 87th,    Hinsdale, IL 60522
24220219      +LLCMH- Affliated Services,    2800 W. 87th St,    Chicago, IL 60652-3831
24220221      +MCSI -Municipal Collection Services, Inc,    7330 College Dr,    Suite 108,
               Palo Heights, IL 60463-1186
24220220      +Manley Deas Kochalski LLC,    One East Wacker,    Suite 1250,    Chicago, IL 60601-1980
24220222      +Med Business Bureau,    1160 Renaissance Dr,    Suite 400,    Park Ridge, IL 60068-1349
24378001      +PEOPLES GAS LIGHT & COKE COMPANY,    200 EAST RANDOLPH STREET,    CHICAGO, ILLINOIS 60601-6433
24220225      +PLS Financial Services, Inc.,    2132 E. 71st Street,    Chicago, IL 60649-2116
24220226      +PLS Financial Solutions of Illinois,    3908 Harlem Ave,    Lyons, IL 60534-1208
24220224      +Peoples Gas,    200 E Randolph St,    20th Floor,    Chicago, IL 60601-6431
24220229      +TCF Banking & Savings,    800 Burr Ridge Pkwy,    Willowbrook, IL 60527-6486
24397164     +++The Bank of New York Mellon, as Trustee,    for CIT Mortgage Loan Trust 2007-1,
               c/o Heavner, Beyers & Mihlar, LLC,    Post Office Box 740,    Decatur, Illinois 62525-0740
24324843      +The Payday Loan Store,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,
               Dallas, TX 75380-0849
24220230      +Tri-state Adjustments,    Attn:Collections/Bankruptcy,    Po Box 3219,    La Crosse, WI 54602-3219
24220231     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
               ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
               (address filed with court: Wells Fargo Hm Mortgag,    8480 Stagecoach Cir,
               Frederick, MD 21701)
24396498      +Wells Fargo Bank, N.A.,    Attn: Bankruptcy Dept./MAC#D3347-014,    3476 Stateview Blvd.,
               Fort Mill, SC 29715-7200
24325821     +++Wells Fargo Bank, N.A.,    Codilis & Associates PC,    15W030 North Frontage Road Ste 100,
               Burr Ridge, IL 60527-6921


Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
24220191      +E-mail/PDF: recoverybankruptcy@afninet.com Apr 08 2016 00:21:53      Afni,
               1310 Martin Luther King Dr,    Bloomington, IL 61701-1465
24321652       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 08 2016 00:36:16
               American InfoSource LP as agent for,    T Mobile/T-Mobile USA Inc,    PO Box 248848,
               Oklahoma City, OK  73124-8848
```

```
District/off: 0752-1          User: mgonzalez          Page 2 of 3          Date Rcvd: Apr 07, 2016
                             Form ID: pdf003          Total Noticed: 70
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
24325820      +E-mail/Text: lbankruptcy@cookcountytreasurer.com Apr 08 2016 00:25:24
               Cook County Treasurer's Office,   118 North Clark Street, Room 112,   Chicago, IL 60602-1590
24220209      +E-mail/Text: collections@barrmgmt.com Apr 08 2016 00:24:37     Devon Financial Services,
               6414 N Western Ave,   Chicago, IL 60645-5422
24263966       E-mail/Text: mrdiscen@discover.com Apr 08 2016 00:24:11     Discover Bank,
               Discover Products Inc.,   PO Box 3025,   New Albany, OH 43054-3025
24220210      +E-mail/Text: mrdiscen@discover.com Apr 08 2016 00:24:11     Discover Financial,
               Attn: Bankruptcy,   Po Box 3025,   New Albany, OH 43054-3025
24220212      +E-mail/Text: bknotice@erccollections.com Apr 08 2016 00:25:15     ERC/Enhanced Recovery Corp,
               8014 Bayberry Rd,   Jacksonville, FL 32256-7412
24325835      +E-mail/Text: bankruptcy@icsystem.com Apr 08 2016 00:25:52     IC Systems,   Highway 96 E.,
               PO Box 64794,   Saint Paul, MN 55164-0794
24325831       E-mail/Text: rev.bankruptcy@illinois.gov Apr 08 2016 00:25:04
               Illinois Department of Revenue,   Bankruptcy Section,   PO Box 64338,   Chicago, IL 60664-0338
24325832       E-mail/Text: cio.bncmail@irs.gov Apr 08 2016 00:24:31     Internal Revenue Service,
               PO Box 7346,   Philadelphia, PA 19101-7346
24220217      +E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 08 2016 00:25:26     Jefferson Capital Systems, LLC,
               16 Mcleland Rd,   Saint Cloud, MN 56303
24325829      +E-mail/Text: bk.notifications@jpmchase.com Apr 08 2016 00:24:43     JPMorgan Chase Bank, N.A.,
               National Bankruptcy Department,   PO Box 29505 AZ1-1191,   Phoenix, AZ 85038-9505
24220218      +E-mail/Text: bnckollsnotices@becket-lee.com Apr 08 2016 00:24:24     Kohls/Capital One,
               Po Box 3120,   Milwaukee, WI 53201-3120
24220223      +E-mail/PDF: pa_dc_claims@navient.com Apr 08 2016 00:21:47     Navient,   Attn: Claims Dept,
               Po Box 9500,   Wilkes-Barr, PA 18773-9500
24220228       E-mail/Text: appebnmailbox@sprint.com Apr 08 2016 00:24:55     Sprint,   6391 Sprint Parkway,
               Overland Park, KS 66251
24296720       E-mail/Text: appebnmailbox@sprint.com Apr 08 2016 00:24:55     Sprint Corp.,
               Attn Bankruptcy Dept,   PO Box 7949,   Overland Park KS 66207-0949
24220227      +E-mail/PDF: pa_dc_claims@navient.com Apr 08 2016 00:22:20     Sallie Mae,   Attn: Claims Dept,
               Po Box 9500,   Wilkes Barre, PA 18773-9500
                                                                           TOTAL: 17

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24220201       City of chicago cler
24325837*     +LLCMH- Affliated Services,   2800 W. 87th St,   Chicago, IL 60652-3831
24220199     ##+City of Chicago,   Water Bill,   33 N. LaSalle Street, Suite 700,   Chicago, IL 60602-3421
24325834     ##+City of Chicago Department of Finance,   33 N. LaSalle Suite 700,   Chicago, IL 60602-3421
                                                                   TOTALS: 1, * 1, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2016               Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 6, 2016 at the address(es) listed below:
```
             Amanda J Doyle   on behalf of Creditor   The Bank of New York Mellon, As Trustee for CIT Mortgage
             Loan Trust 2007-1 bankruptcy@hsbattys.com
             Jose G Moreno   on behalf of Creditor   Wells Fargo Bank, N.A. nd-one@il.cslegal.com
             Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
```

District/off: 0752-1          User: mgonzalez          Page 3 of 3          Date Rcvd: Apr 07, 2016
                             Form ID: pdf003          Total Noticed: 70

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Paul M Bach    on behalf of Debtor 1 Dalia  Radecki ecfbach@gmail.com,
              ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
              badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
              ress.info
          Penelope N Bach    on behalf of Debtor 1 Dalia  Radecki pnbach@sulaimanlaw.com,
              ecfbach@gmail.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbad
              wan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpres
              s.info
          Steven C Lindberg    on behalf of Creditor    The Bank of New York Mellon, As Trustee for CIT
           Mortgage Loan Trust 2007-1 bankruptcy@fallaw.com
          Tom Vaughn    ecf@tvch13.net,  ecfchi@gmail.com
          Zane D Smith    on behalf of Creditor    Estate of Michael Cerkanowicz andre@zanesmith.com,
           Patty@Zanesmith.com;Kelly@Zanesmith.com;Zane@Zanesmith.com;Nichole@Zanesmith.com
          Zane D Smith    on behalf of Plaintiff    Estate of Michael Cerkanowicz, deceased
           andre@zanesmith.com,
           Patty@Zanesmith.com;Kelly@Zanesmith.com;Zane@Zanesmith.com;Nichole@Zanesmith.com
                                                                               TOTAL: 9